

# Fourth Court of Appeals
## San Antonio, Texas

February 12, 2014

No. 04-13-00487-CR

Elbert Lee **SANDERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 54th District Court, McLennan County, Texas
Trial Court No. 2012-327-C2
Honorable Matt Johnson, Judge Presiding

## O R D E R

Appellant's brief was originally due November 27, 2013; however, the court granted counsel an extension of time to file the brief until December 27. The brief was not filed, and on January 7, 2014, we ordered appellant's court-appointed counsel, Richard G. Ferguson, to file the brief by January 17. We advised counsel that any request for a further extension of time must show extraordinary circumstances and provide assurance the brief would be completed and filed by the requested extended deadline. On January 16, counsel filed a motion stating that he needed an additional two weeks, until January 31, 2014, to complete and file the brief. We granted the motion and ordered the brief due January 31, 2014. We advised counsel that no further extensions of time would be granted absent a showing of extraordinary circumstances beyond those attendant a busy docket. We further advised counsel that if the brief were not filed by the date ordered, the appeal would be abated to the trial court for an abandonment hearing. The appellant's brief has not been filed.

Pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we **abate** this appeal, **remand** the case to the trial court, and **order** the trial court to conduct a hearing to determine:

(1) whether appellant desires to prosecute his appeal, and

(2) whether counsel has abandoned the appeal. The trial court must take steps to ensure effective assistance of counsel, including the appointment of new counsel if necessary. Because sanctions may be necessary, the trial court should make a finding as to whether Richard G. Ferguson abandoned the appeal even if new counsel is retained or substituted.

The trial court may, in its discretion, receive evidence on the first issue by sworn affidavit from the appellant. The trial court shall, however, order appellant's counsel to be present at the hearing.

The trial court is further **ordered** to make written findings and conclusions on these issues. The clerk and court reporter are **ordered** to file in this court, no later than **March 14, 2014**, (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's written findings of fact, conclusions of law, and recommendations addressing the above issues. *See* TEX. R. APP. P. 38.8(b)(3).

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court